UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN ENERGY
CORPORATION,

    Plaintiff,

v.

Case No. 2:13-cv-886
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

AMERICAN ENERGY
PARTNERS, LP, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on American Energy Corporation's ("Am. Corp.") motion to dismiss and to strike (ECF No. 42) American Energy Partners, LP's ("Am. Partners") and American Energy – Utica, LLC's ("Am. Utica") counterclaims for declaratory relief. Am. Corp. asserts that this Court lacks subject matter jurisdiction over one of the counterclaims and that the others should be stricken because they are redundant of its affirmative claims. For the reasons that follow, the Court **DENIES** Am. Corp.'s Motion.

### I. BACKGROUND

Am. Corp., seeking to protect its purported trade name and trademark in "American Energy Corporation," filed this action alleging that the defendants' use of the names "American Energy Partners, LP" and "American Energy – Utica, LLC" violates Ohio law because it constitutes a deceptive trade practice, unfair competition, and trade name and trademark infringement. Am. Partners and Am. Utica counterclaimed, seeking a declaration that Am. Corp.

1

lacks a protectable interest in the formative "American Energy", that they violated no state law, and that they did not engage in unfair competition under federal law.

Am. Corp. now moves to dismiss the counterclaim, asserting that no federal case or controversy exists, as the affirmative claims assert only state-law claims. Also, Am. Corp. moves to strike the rest of the counterclaims as redundant of the affirmative state-law claims.

## II. DISCUSSION

### A. Federal Counterclaim

Am. Corp. first argues that this Court should dismiss Am. Partners and Am. Utica's federal-law counterclaim under Fed. R. Civ. P. 12(b)(1) for lack for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) can involve either a facial attack or a factual attack. A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations in the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910, 914 (N.D. Ohio 2008). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

Am. Corp. asserts a factual attack (*see* Mot. at 7; ECF No. 42), arguing that the Court should dismiss Am. Partners and Am. Utica's counterclaim for a declaration that they are not engaging in unfair competition under federal law because it asserted only a state-law claim of unfair competition. "The Declaratory Judgment Act confers subject matter jurisdiction when the facts alleged, under all the circumstances, show that there is a substantial controversy, between

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *FieldTurf USA, Inc. v. Sports Const. Grp., LLC*, 507 F. Supp. 2d 801, 804 (N.D. Ohio 2007) (internal quotation marks omitted).

A substantial controversy of sufficient immediacy and reality exists here. Am. Corp. asserts a state-law unfair competition claim that entails the same legal analysis as the federal-law counterclaim. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 626 n.2 (6th Cir. 2002) ("Both Ohio and federal courts have recognized that the same analysis applies to claims under Ohio's statutory and common law of unfair competition and the Lanham Act."). Thus, the controversy underlying Am. Corp.'s state-law claim mirrors the federal counterclaim.

Nevertheless, Am. Corp. stresses that allowing the counterclaim would "unnecessarily enlarge the scope of the case" because there is no federal "case or controversy between the parties about nationwide trademark or trade name protection." But the rights that Am. Partners and Am. Utica seek to adjudicate stem from the common law, and "the scope of any common law rights vindicated would be limited to areas where the mark is in use." *Gen. Healthcare Ltd. v. Qashat*, 364 F.3d 332, 336 n.7 (1st Cir. 2004); *see also Midwest Guar. Bank v. Guar. Bank*, 270 F. Supp. 2d 900, 908 (E.D. Mich. 2003) ("The first to use a mark in the sale of goods or services is the 'senior user' of the mark and gains common law rights to the mark in the geographic area in which the mark is used."). Am. Corp. accuses Am. Partners and Am. Utica of seeking to reach beyond a limited geographic region, highlighting an allegation in the counterclaim that "[c]ountless businesses throughout the United States use some derivation of the phrase 'American Energy' in their names." (Countercl. ¶ 13.) But this allegation is no

3

reason to dismiss the counterclaim, as the next paragraph in the counterclaim lists entities that "[i]n Ohio alone" allegedly utilize the term "American Energy". (Countercl. ¶ 14.)

Am. Corp. also looks for support in *Allied Machine & Engineering Corp. v. Competitive Carbide, Inc.*, No. 1:11CV2712, 2012 WL 3074362 (N.D. Ohio July 30, 2012). That court found no controversy when a defendant asserted a counterclaim regarding a patent that the plaintiff was not seeking to enforce in its complaint. *Id.* at *4. Here, by contrast, Am. Partners and Am. Utica's counterclaim relates to the *same* alleged trade name at issue in the Amended Complaint.

Last, Am. Corp. asks the Court to not exercise jurisdiction over this counterclaim because "the declaratory judgment statute is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985) (internal quotation marks omitted). The Court declines Am. Corp.'s request. The federal-law counterclaim mirrors Am. Corp.'s state-law claim and will introduce minimal additional work while providing additional clarity between the parties.

In sum, a substantial controversy exists and the Court will not dismiss the federal-law counterclaim.

**B. Remaining Counterclaims**

Am. Corp. also moves to strike the remaining counterclaims that seek a declaration that Am. Corp. has no protectable interest in the formative "American Energy" and that no violation occurred under state law. The Court does not strike the claims if they serve a useful purpose. *See Pettrey v. Enter. Title Agency, Inc.*, No. 1:05-CV-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006); *see also Procter & Gamble Co. v. CAO Grp., Inc.*, No. 1:13-CV-337, 2013 WL 5353281, at *5 (S.D. Ohio Sept. 24, 2013).

4

Such a useful purpose exists here. Am. Partners and Am. Utica seek a declaratory judgment that Am. Corp has no protectable interest in the formative "'American Energy". As the Sixth Circuit has noted "frequently happens" in patent or trademark infringement suits, courts may find the defendant innocent of infringement and thus "deem[] it unnecessary to determine issues of title, validity, or the scope of the patent claims." *Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 174 (6th Cir. 1942). While "[o]ne defendant exonerated of infringement may be content with such adjudication—another may not." *Id.* The counterclaims here allow Am. Partners and Am. Utica to pursue their claim that Am. Corp has no protectable interest in "American Energy" even if the Court finds that no infringement occurred on other grounds. *See id.* (allowing counterclaim seeking "trademark be held invalid or restricted" despite argument that "counterclaim is entirely repetitious[] and . . . redundant"); *see also Who Dat, Inc. v. Rouse's Enterprises*, LLC, No. CIV.A. 12-2189, 2013 WL 395477, at *4 (E.D. La. Jan. 31, 2013) (collecting cases and noting that "courts consistently hold that declaratory judgment counterclaims for invalidity, non-infringement, etc. are sufficiently independent of claims for infringement so as to avoid dismissal under Rules 12(b)(6) and a strike under 12(f)"). Moreover, Am. Partners and Am. Utica "represent[] not only [themselves], but, in a sense, also the public which is likewise excluded from the field of monopoly" that a trademark confers to the holder. *See Dominion*, 126 F.2d at 175. Allowing the counterclaims to proceed will inform others whether Am. Corp. possesses a valid monopoly over the "American Energy" trade name. *See Riding Films, Inc. v. White*, No. 2:13-CV-00046, 2014 WL 3900236, at *3 (S.D. Ohio Aug. 11, 2014) (allowing declaratory judgment for invalid copyright because verdict of non-infringement may not adjudicate validity of underlying intellectual property); *cf. Pettrey*, 2006 WL 3342633, at *3 ("This is not a patent or trademark action where a court could find

noninfringement without adjudicating the validity of the underlying intellectual property, thus leaving the defendant in fear of future actions.").

### III. CONCLUSION

For these reasons, the Court **DENIES** Am. Corp.'s Motion (ECF No. 42).

**IT IS SO ORDERED.**

3-2-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**