IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AMERICAN ENERGY CORPORATION,**

        Plaintiff,

  vs.                                  Civil Action 2:13-cv-886
                                        Judge Sargus
                                        Magistrate Judge King

**AMERICAN ENERGY PARTNERS,**
*et al.*,

        Defendants.

**OPINION AND ORDER**

**I.**    **Background**

American Energy Corporation, a developer, marketer, and seller of coal, filed this action seeking to protect its purported trade name and trademark in "American Energy Corporation." Plaintiff alleges that the use of the names "American Energy Partners, LP" and "American Energy – Utica, LLC" by defendants American Energy Partners and American Energy – Utica, LLC, recently formed companies that produce and sell natural gas, violates Ohio law because that use constitutes a deceptive trade practice, unfair competition, and trade name and trademark infringement.  Defendants counterclaimed, seeking a declaration that plaintiff lacks a protectable interest in the formative "American Energy," that they violated no state law, and that they did not engage in unfair competition under federal law.  This matter is now before the Court for consideration of *Plaintiff-Counterclaim Defendants American Energy Corporation's Motion to Compel*

1

*Discovery* ("*Plaintiff's Motion*"), ECF 118, and *Defendants' Response to Plaintiff's Motion to Compel Discovery* ("*Defendants' Response*"), ECF 123.

The Court held a status conference on December 22, 2014, to resolve several outstanding discovery disputes. During the conference, plaintiff sought the production of, *inter alia*, "marketing and sales documents" that reflect defendants' "come-to market strategy." *December 22, 2014 Transcript*, ECF 106, p. 7. Plaintiff specifically sought "the files and correspondence and e-mails of the employees of Defendants' enterprise that are involved in" marketing and sales. *Id*. at pp. 8-9. Plaintiff also sought the depositions of three additional employees who were allegedly involved in the formulation of defendants' marketing plan. *Id*. Plaintiff also requested updated copies of investor reports. *Id*. at p. 9. The Court permitted plaintiff to depose the three additional employees, *i.e.*, Jeff Augusta, Robert Tise, and Dan Haynes:

> With respect to the marketing issues, I know that it's sort of a moving target and that's because the defendants are just a start-up and are still developing how they want to end up marketing. But I do believe that Plaintiff has offered some evidence of confusion through their receptionist's testimony and other testimony and, therefore, I would order that Defendants make available for deposition the three individuals identified by Mr. Wilson. However, it is late in the process and I am going to limit the total number of deposition hours to seven hours . . . .

*Id*. at pp. 51-52. The Court also permitted plaintiff to request documents for use in deposing the witnesses, but noted, "I'm not into saying that you can have every e-mail that touched on the idea of marketing but at the same time if you're going -- these three people

2

may have e-mails about marketing that you have a right to have before deposing them." *Id*. at pp. 52-54.

Plaintiff thereafter served its third set of requests for production of documents. Defendants responded to those requests on January 31, 2015, by asserting numerous objections and producing more than 2,700 pages of documents. Plaintiff maintains that the production was deficient and now seeks to compel production of three categories of documents:

> [1] Defendants' current best estimations of its present and future gas-production volume for whatever timeframes they keep them in the ordinary course of business (Request #2);
>
> [2] Documents (including emails and other correspondence) reflecting past and present deliberations regarding whether to engage in direct marketing or sales of its products and/or to continue use of intermediary marketing firms for same (Requests #4-6);
>
> [3] Documents (including emails and other correspondence) identifying, discussing, or reflecting consideration of customers or potential customers of direct sales of Defendants' products (Other than [the three identified intermediaries]) (Requests #7-8).

*Plaintiff's Motion*, PAGEID 4109-10.

## II. Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to a request for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio

3

Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to

obtain it without court action." Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.

**III. Discussion**

Plaintiff first seeks to compel production of defendant's "most recently calculated natural gas production volume, as well as existing forecasts or estimates showing future production volumes in whichever time horizons such forecasts or estimates are prepared." *Plaintiff's Third Request for Production*, attached to *Plaintiff's Motion* as Exhibit A, at p. 5.  Plaintiff argues that the amount of gas that defendants are producing is relevant to determining whether a likelihood of confusion exists because that figure impacts the "potential expansion of the defendant's product lines and the defendant's marketing channels." *Plaintiff's Motion*, PAGEID 4114. According to plaintiff, the "recent testimony of Defendants' own witnesses establishes that Defendants' volume estimations: (i) demonstrate past and future expansion of their product line; and (ii) figure heavily in Defendants' decision whether to follow the well-worn path of similar companies to market and sell directly. . . ." *Id*. at PAGEID 4116.

Defendants argue that plaintiff's request falls beyond the scope of the limited discovery permitted by the Court's December 22, 2014 order.  *Defendants' Response*, PAGEID 5361.  Defendants argue that the Court limited plaintiff to the discovery of marketing documents and that, during the conference, plaintiff never requested or mentioned documents related to natural gas production volumes.  *Id*. at PAGEID

5

5360-62. Defendants also argue that plaintiff "failed its obligation to meet-and-confer in good faith" prior to filing *Plaintiff's Motion* because plaintiff failed to raise any issue or demand the production of documents related to defendants' production of natural gas prior to the parties' March 20, 2015 meet-and-confer conference. *Id*. at *PAGEID* 5363.

Defendants market natural gas through intermediaries. Plaintiff argues that, because other energy companies have transitioned to direct marketing after experiencing an increase in production, there is a potential for defendants to do the same. Plaintiff bases its request for the production of defendants' current and projected natural gas production volume on its theory that the specific volume of production is relevant to the determination of the marketing channels used by defendants and the likelihood that defendants' product lines will expand. Plaintiff has not, however, shown that the volume of production is relevant to this inquiry. Plaintiff speculates that defendant may change marketing channels in the future once their production levels increase to some higher, yet unspecified, level. However, plaintiff has not shown a correlation between a specific volume of production and a transition to direct sales. Plaintiff's theory is, therefore, entirely speculative.

Moreover, the Court concludes that the specific volume of natural gas produced or expected to be produced by defendants falls outside the limited scope of discovery permitted in the December 22, 2014 order. Plaintiff was granted leave to conduct three additional

6

depositions and to request certain documents for use in those depositions, based on Adam Wilson's identification of additional information during the course of his deposition. *December 22, 2014 Transcript*, pp. 51-53.  Although Adam Wilson discussed production volume in terms of the rate of increase, he did not discuss specific production volumes in his deposition and, in fact, completely refused to do so on the basis that production volume was confidential and irrelevant to plaintiff's case. *See Adam Wilson Deposition*, attached to *Plaintiff's Motion* as Exhibit H, at pp. 5-6.  Plaintiff also gave no indication during the December 22, 2014 discovery conference that the specific production volumes were at issue.  Accordingly, this Court concludes that plaintiff's request for specific natural gas production volumes and forecasts of future volumes falls outside the scope of discovery permitted by the December 22, 2014 order.

Plaintiff next seeks to compel response to the following five requests for production:

> Request 4: Produce all correspondence and emails between Adam Wilson, Robert Tise, Aubrey McClendon, Jeff Agosta, Dan Haynes and/or any other person regarding whether to continue, expand, reduce, or terminate any contractual relationship with marketing firms . . . regarding the marketing and/or sale of AEU's production and/or pipeline capacity.
>
> . . .
>
> Request 5: Produce any correspondence or emails between Adam Wilson, Robert Tise, Aubrey McClendon, Jeff Agosta, Dan Haynes, and/or any other person regarding whether AEU, American Energy Appalachia Holdings, LLC, and/or any of their affiliates or subsidiaries will directly market and/or sell AEU's production and/or pipeline capacity to consumers and/or customers (or their affiliates) without

7

>    the use of third party intermediaries . . . .
>
>    . . .
>
>    Request 6: Produce all documents reflecting or containing any analyses, discussion, evaluation or conclusions regarding the potential for AEU, American Energy Appalachia Holdings, LLC, and/or any of their affiliates or subsidiaries to directly market and/or sell AEU's production and/or pipeline capacity to consumers and/or customers (or their affiliates) without the use of third party intermediaries . . . .
>
>    . . .
>
>    Request 7: Produce any correspondence or emails with, or documents relating to potential sales to, any customer, or potential customer, where such materials include references to any customer or potential customer that is not [one of three specifically identified intermediaries] regarding the potential sale of AEU's production or pipeline capacity to such customer.
>
>    . . .
>
>    Request 8: Produce all documents mentioning, identifying, or evaluating downstream marketing opportunities for AEU's production of natural gas that is not intended to be sold to [an identified intermediary] pursuant to the contracts with [that intermediary] that were produced in this litigation.

*Plaintiff's Third Request for Production*, pp. 4-10.  Defendants argue, *inter alia*, that these requests are overbroad and go beyond the limited scope of discovery permitted by the Court's December 22, 2014 order.  This Court agrees.

As noted *supra*, plaintiff was granted leave to depose Jeff Augusta, Robert Tise, and Dan Haynes for a total of seven hours.  Plaintiff was also granted leave to request documents for use in connection with those depositions because "these three people may have e-mails about marketing that [plaintiff] ha[d] a right to have before

8

deposing them." *December 22, 2014 Transcript*, pp. 52-54. It was not anticipated that plaintiff would request "every e-mail that touched on the idea of marketing," but, rather, would serve limited requests to the deponents for the production of emails and documents about marketing. *See id*. Plaintiff argues that "Requests #4-6 directly flow from the testimony of Defendants' witness Adam Wilson, who identified analyses done by and discussed in emails among himself, Dan Haynes, Jeff Agosta, and Robert Tise." *Plaintiff's Motion*, PAGEID 4118. Plaintiff argues that requests #7-8 seek a small number of documents. *Id*. at PAGEID 4122. Plaintiff's requests are, however, not as limited as plaintiff suggests. Requests #4-8 essentially seek every e-mail and correspondence that touches on any aspect of defendants' marketing, whether the communication involves current or potential marketing relationships, current customers, potential customers, direct marketing, or indirect marketing. Such broad requests fall outside the scope of discovery permitted by the Court's December 22, 2014 order.

    Accordingly, *Plaintiff-Counterclaim Defendants American Energy Corporation's Motion to Compel Discovery*, ECF 118, is **DENIED**. The Clerk is **DIRECTED** to remove ECF 118 and ECF 122 from the Court's pending motions list.

May 12, 2015                                        *s/Norah McCann King*
                                                                    Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge